Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | **6:26-cv-668** |
| v. | : : : | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) |
| UMPQUA HEALTH ALLIANCE, LLC | : : | DEMAND FOR JURY TRIAL |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

Complaint

2.      The Plaintiff alleges that Umpqua Health Alliance, LLC ("Defendant" or "Umpqua") made unsolicited calls to himself and putative class members using a pre-recorded voice in violation of the TCPA.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4.      This Court has jurisdiction over Umpqua Health Alliance, LLC because Umpqua Health Alliance, LLC resides in this District.

5.      Venue is proper in this District because the calls were directed into this District.

## PARTIES

6.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39), and a resident of Lane County.

7.      Defendant is, and at all times mentioned herein was, a limited liability company in this District.

## TCPA BACKGROUND

8.      The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

9.      Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules &*

2

Complaint

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

## FACTUAL ALLEGATIONS

10.    Plaintiff's cellular telephone number is (541) XXX-9999.

11.    The Plaintiff never consented to receive debt collection calls from the Defendant.

12.    The Plaintiff never did any business with the Defendant.

13.    On or about January 16, 2026, Defendant placed a telephone call to Plaintiff's telephone number (541) XXX-9999 from telephone number (541) 229-7038, which resulted in a voicemail message.

14.    The voicemail message stated: "This is a message from UHNCR HC for Cindy. Just a friendly reminder that you have a balance of $15 on your account. Please contact us at 541-229-7038 to make a payment or with any additional questions. We thank you for your prompt response and for trusting us."

15.    The voice delivering the message was artificial or prerecorded, as evidenced by its unnatural tone, cadence, and unnatural manner.

16.    The message did not provide any mechanism for real-time interaction, nor did it respond to any input, further demonstrating that it was delivered using a prerecorded or artificial voice system rather than a live person.

17.    The message was directed to "Cindy," an individual unknown to Plaintiff, demonstrating that Defendant utilized a mass-calling system that delivered prerecorded messages without verifying the identity of the called party.

18.    The Plaintiff had never requested billing information or otherwise done business with the Defendant.

3

Complaint

## Class Action Allegations

19.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Oregon Local Rule 23-2, Plaintiff brings this action on behalf of class of all other persons or entities similarly situated throughout the United States.

20.    The class of persons Plaintiff propose to represent is tentatively defined as:

**TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff (3) despite the fact that the call recipient never provided their telephone number to the Defendant.

This is referred to as the "Class".

21.    Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

22.    The Class as defined above are identifiable through phone records and phone number databases.

23.    The potential members of the Class number at least in the thousands.

24.    Individual joinder of these persons is impracticable.

25.    Plaintiff is a member of the Class.

26.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded calls to class members;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls;

4

Complaint

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27.   Plaintiff's claims are typical of the claims of members of the Class.

28.   Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

29.   Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

30.   The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

31.   Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

32.   Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded Class using a pre-recorded voice message.

Complaint

33.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

34.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representatives of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An award to Plaintiff and the Class of damages, as allowed by law; and

F.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


DATED this 3rd day of April, 2026.


6

Complaint

_s/Andrew Roman Perrong_
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
_Lead Attorney for Plaintiff and the Proposed Class_

7

Complaint